## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERSON ADVERTISING SERVICE, LLC /D/B/A ST. BERNARD NEWS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-6732** |
| **LFAYETTE INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Roberson Advertising Service, L.L.C.'s, d/b/a St. Bernard News, is **GRANTED**, and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.  (Document #3.)

### I. BACKGROUND

Roberson Advertising Services, L.L.C., d/b/a St. Bernard News (Roberson), filed a petition for damages in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against Lafayette Insurance Company (Lafayette), which provides coverage for Roberson's building structure, the contents of the structure, and interruption of business.

As a result of Hurricane Katrina, Roberson's building and contents suffered wind and consequential water damage and plumbing failure, and Roberson was unable to conduct business

in the St. Bernard newspaper distribution area.  Roberson alleges that Lafayette improperly

denied coverage for wind damage on grounds that the damage was flood related, attempted to

coerce an unfair settlement of the claim, and failed to pay timely the claim for business

interruption.  Roberson alleges that Lafayette breached its duty of good faith and fair dealing in

adjusting the claim fairly and timely.

Lafayette removed the case to federal court under 28 U.S.C. § 1441(e)[1] because it is a

defendant in other cases pending in this court, which Lafayette alleges could have been brought

under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA).[2]

---

[1]   28 U.S.C. § 1441(e)(1)(B) provides:
[A] defendant in a civil action in a State court may remove the action to the
district court of the United States for the district and division embracing the place
where the action is pending if . . . the defendant is a party to an action which is or
could have been brought, in whole or in part, under section 1369 in a United
States district court and arises from the same accident as the action in State court,
even if the action to be removed could not have been brought in a district court as
an original matter.

[2]   Section 1369 provides in relevant part:
(a) **In general**.-  The district courts shall have original jurisdiction of any civil
action involving minimal diversity between adverse parties that arises from a
single accident, where at least 75 natural persons have died in the accident at a
discrete location if–
    (1) a defendant resides in a State and a substantial part of the accident took
place in another State or other location, regardless of whether that defendant is
also a resident of the State where a substantial part of the accident took place;
    (2) any two defendants reside in different States, regardless of whether such
defendants are also residents of the same State or States; or
    (3) substantial parts of the accident took place in different States.

(b)  **Limitation of jurisdiction of district courts.–**The district court shall abstain
from hearing any civil action described in subsection (a) in which–
    (1) the substantial majority of all plaintiffs are citizens of a single State of
which the primary defendants are also citizens; and

Roberson filed a motion to remand the case to state court.

## II. DISCUSSION

**A.  Legal standard**

As courts of limited jurisdiction, federal courts may adjudicate a case or controversy only if there is both constitutional and statutory authority for federal jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 114 S.Ct. 1673, 1675 (1994).  Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The burden of establishing federal jurisdiction rests on the party asserting jurisdiction.  Kokkonen, 114 S.Ct. At 1675.

**B.  Jurisdiction under the MMTJA**

Roberson contends that the court lacks jurisdiction under § 1369 of the MMTJA and § 1441(e)(1)(B).  Roberson argues that this case concerns a state law claim regarding coverage for damage sustained because of Hurricane Katrina.

The MMTJA "streamline[s] the process by which multidistrict litigation governing disasters are adjudicated."  H.R.Conf.Rep. 107-685, §11020, 202 U.S.C.C.A.N. 1120 (2002).  "The general provision confers original jurisdiction on federal district courts when certain civil actions have only minimal diversity among the parties."  23 Rev. Litig. 177 at 5 (2004).  "The change to minimal diversity in class actions aims to promote the purposes of the class action

───────────────────

(2) the claims asserted will be governed primarily by the laws of that State.

device:  fairness, uniformity, efficiency, and manageability in mass litigation."  Id. at 4.  The intended scope of minimal diversity is to reach a "very narrowly defined category of cases."  Id. at 5.

This is not the type of multi-plaintiff/multi-defendant case contemplated by the MMTJA.  This case involves interpretation of the provisions of an insurance policy issued by a Louisiana insurer to its Louisiana insured and the timeliness of the insurer's payment under the policy.  Even if the cause of action arose because of damage as a result of Hurricane Katrina, the cause of action is not based on the accident, but on coverage under the insurance contract.

Moreover,  "piggyback" removal under § 1441(e)(1)(B) is not proper solely because Lafayette is the defendant in other actions pending in federal court.  Lafayette presents no authority to support piggyback removal based on § 1369 jurisdiction in a case unrelated to Roberson's claims against Lafayette.

### III. CONCLUSION

Accordingly, the court lacks jurisdiction under th MMTJA or § 1441(e)(1)(B), and the case is remanded to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, this  30th day of November, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4